IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEVORIS WILLIAMS, #213 941, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-CV-942-WKW |
| ) | [WO] |
| NURSE WHITESIDE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Draper Correctional Facility in Elmore, Alabama, when he filed this *pro se* 42 U.S.C. § 1983 action, alleges Defendants violated his Eighth Amendment right to adequate medical care and treatment in November 2016.[1] Doc. 1. The named defendants include Timothy Whiteside, LPN, Tara Parker, LPN, Darryl Ellis, RN, Justin Oden, CRNP, and Warden John Crow. Plaintiff requests damages for pain and suffering due to the alleged denial of medical care and treatment. Doc. 1 at 4.

Warden Crow ["Crow"] filed an answer, special report, a supplemental special report, and supporting evidentiary materials addressing Plaintiff's claims for relief. Docs. 15, 17. In these documents, Crow denies he acted in violation of Plaintiff's constitutional rights. Defendants Oden, Parker, Whiteside, and Ellis (the "medical defendants") filed an answer, special report, and supporting evidentiary materials addressing Plaintiff's allegations. Docs. 13, 14. They argue Plaintiff's complaint against them is due to be dismissed because prior to filing this cause of action Plaintiff failed to properly exhaust an administrative remedy available to him through the prison system's medical care provider, Corizon, Inc., prior to initiation of this case. Doc. 14 at 15–18.

---

[1] During the pendency of this action Plaintiff was transferred to the Donaldson Correctional Facility in Bessemer, Alabama. Doc. 12.

The medical defendants base their exhaustion defense on Plaintiff's failure to follow the available institutional administrative grievance procedures regarding the claims presented. Doc. 14 at 15–18; Doc. 14-2; Doc. 14-3.

The court provided Plaintiff an opportunity to file a response to Defendants' special reports in which he was advised, among other things, to "specifically address the medical defendants' argument that he [] failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA")." Doc. 18 at 1 (footnote omitted). The order advised Plaintiff his response should be supported by affidavits or statements made under penalty of perjury and other evidentiary materials. Doc. 18 at 3. This order further cautioned Plaintiff that unless "sufficient legal cause" is shown within ten days of entry of this order "why such action should not be undertaken, the court may at any time [after expiration of the time for his filing a response to this order] and without further notice to the parties (1) treat the special reports and any supporting evidentiary materials as a [dispositive] motion . . . and (2) after considering any response as allowed by this order, rule on the motion in accordance with law." Doc. 18 at 3–4. Plaintiff has filed no response.

The court will treat Crow's special report, as supplemented, as a motion for summary judgment, and treat the medical defendants' special report as a motion to dismiss regarding the exhaustion defense and resolve these motions in favor of the defendants. *Bryant v. Rich*, 530 F.3d 1368, 1374–1375 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense ... is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *see also Trias v. Florida Dept. of Corrections*, 587 Fed. App'x 531, 534 (11th Cir. 2014) (District court

properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies....").

## I. STANDARD OF REVIEW

**A. Exhaustion**

In addressing the requirements of 42 U.S.C. § 1997e about exhaustion, the Eleventh Circuit has

> recognized that [t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court. This means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court.

*Leal v. Georgia Dept. of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (citations and internal quotations omitted). Furthermore, the law is well-settled that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case," and that cannot be waived. *Myles v. Miami-Dade Cnty. Corr. & Rehab. Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012) (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004)).

> When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. If the complaint is not subject to dismissal at this step, then the court should make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Myles*, 476 Fed. App'x at 366 (citations and internal quotations omitted). Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the

3

merits, and the parties have a sufficient opportunity to develop the record." *Trias*, 587 F. App'x at 535. Based on the foregoing, the Eleventh Circuit has rejected an inmate-plaintiff's argument that "disputed facts as to exhaustion should be decided" only after a trial either before a jury or judge. *Id.* at 534.

**B. Summary Judgment**

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law." *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the non-moving party has failed to present evidence to support some element on which it bears the ultimate burden of proof. *Id.* at 322−324.

The correctional defendant has met his evidentiary burden. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593–594 (11th Cir. 1995) (holding that, once the moving party meets its burden, "the non-moving

party must then go beyond the pleadings, and by its own affidavits [or sworn statements], or by depositions, answers to interrogatories, and admissions on file," demonstrate there is a genuine dispute of material fact) (internal quotations omitted). This court will also consider "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014). A genuine dispute of material fact exists when the non-moving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Public Educ.*, 495 F.3d 1306, 1313 (11th Cir. 2007).

Although factual inferences must be viewed in a light most favorable to the non- moving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See Beard v. Banks*, 548 U.S. 521, 525 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Plaintiff's *pro se* status alone does not compel this court to disregard elementary principles of production and proof in a civil case.

## II. DISCUSSION

### A. Defendant Crow

Although Plaintiff names Warden Crow, the Warden of Staton, as a defendant, he makes no allegations against him nor is there any indication he was personally involved in Plaintiff's medical care. To the extent Warden Crow is named as a defendant based on his supervisory position, supervisory personnel cannot be liable under § 1983 for a constitutional violation of one of their subordinates via a theory of *respondeat superior* or on the basis of vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983

does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation.").

The *Iqbal* Court clarified that a government official sued in his/her individual capacity for alleged constitutionally tortious behavior cannot be held liable on a *respondeat superior* theory or on the basis of some general connection to allegedly responsible individuals or actions. *Id*. at 676–77 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* . . . [A] plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution . . . [P]urpose rather than knowledge is required to impose [constitutional] liability on . . . an official charged with violations arising from his or her superintendent responsibilities"); *see also Greason v. Kemp*, 891 F.2d 829, 836 (11th Cir. 1990) (explaining that a supervisor "can be held liable under section 1983 when a reasonable person in the supervisor's position would have known that his conduct infringed the constitutional rights of the plaintiff, and his conduct was causally related to the constitutional violation committed by his subordinate") (citations and footnote omitted). Rather, the language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged constitutional deprivation. *Swint v. City of Wadley, Ala*., 51 F.3d 988, 999 (11th Cir. 1995).

Here, there is no indication much less allegation by Plaintiff of any facts showing purposeful personal involvement by any means by Warden Crow. Absent some allegation that Warden Crow knew of, sanctioned, participated in or was otherwise "affirmatively linked" to the

actions about which Plaintiff complains, he may not be held liable. *See Iqbal*, 556 U.S. at 676. Defendant Crow's motion for summary judgment is due to be granted.

**B. The Medical Defendants**

Plaintiff challenges the provision of medical care he received at Staton in November of 2016. In response to this claim, the medical defendants assert this case may be dismissed against them because Plaintiff did not exhaust properly the administrative remedy provided by the institutional medical care provider prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Doc. 18 at 15–18. As explained, federal law directs this court to treat the medical defendants' response as a motion to dismiss for failure to exhaust an administrative remedy and allows the court to look beyond the pleadings to relevant evidentiary materials in deciding the issue of proper exhaustion. *Bryant*, 530 F.3d at 1375.

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Therefore, the Supreme Court has held that "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v.*

*Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93. And proper exhaustion

> demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage.

*Woodford*, 548 U.S. at 90–93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him." *Id.* at 83–84; *Bryant*, 530 F.3d at 1378 (holding that prisoners must "properly take each step within the administrative process" to exhaust administrative remedies in accordance with the PLRA); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that an inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (holding that inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (per curiam).

To support their motion to dismiss for failure to exhaust administrative remedies, the medical defendants attach the affidavits of Teresa Engle, the Health Services Administrator

8

["HSA"] at the Donaldson Correctional Facility, and Michelle Sagers-Copeland, the HSA at the Staton Correctional Facility. These individuals affirm that both Donaldson and Staton have a grievance procedure for inmate complaints related to the provision of medical treatment. These individuals also affirm that inmates may voice complaints regarding any medical treatment sought or received during their incarceration through the available institutional medical grievance procedure. Doc. 14-2, 14-3, 14-4.

Nurse Sagers-Copeland, as HSA at Staton, handles inmate grievances regarding their medical care and is the record custodian for inmate grievances at the facility. After reviewing Plaintiff's grievance chart, she affirms Plaintiff did not file any grievances regarding his medical care and treatment as alleged in the complaint. Doc. 14-3, 14-4. Like Nurse Sagers-Copeland, Nurse Engle, as the HSA at Donaldson, handles inmate grievances regarding their medical care and is the record custodian for inmate grievances at Donaldson. Upon review of Plaintiff's grievance chart, Nurse Engle affirms Plaintiff has not filed any medical grievances regarding the provision of his medical care as alleged in this suit. Doc. 14-2.

Although the court granted Plaintiff an opportunity to respond to the exhaustion defense raised by the medical defendants in their motion to dismiss, he has not done so. The court, therefore, finds a grievance system is available for Plaintiff's claims, but he failed to exhaust the administrative remedy available to him. Plaintiff does not dispute his failure to exhaust the grievance procedure regarding the provision of his medical care at Staton, and the unrefuted record before the court demonstrates he has not exhausted the administrative remedy available to him through the institutional medical grievance procedure regarding his allegation of inadequate medical care prior to seeking federal relief, a precondition to proceeding in this court on his claims.

The medical defendants' motion to dismiss for failure to exhaust is due to be granted. *Woodford*, 548 U.S. at 87-94.

### III. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant Crow's motion for summary judgment (Doc. 15, 17) be GRANTED;

2. The medical defendants' (Timothy Whiteside, Tara Parker, Darryl Ellis, and Justin Oden) motion to dismiss (Doc. 14) be GRANTED to the extent these defendants seek dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy prior to filing this case;

3. This case be DISMISSED without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for Plaintiff's failure to properly exhaust an administrative remedy before seeking relief from this court.

4. No costs be taxed.

It is further

ORDERED that **on or before June 5, 2017**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust*

*Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 18th day of May, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE